OPINION OF THE COURT
George K. Decker, J.
Before the court is an application by the Law Guardian, *60 Cheryl Kreger, seeking the imposition of sanctions on both the petitioner’s attorney and the respondent’s attorney for their failure to notify her of the numerous adjournments requested in this proceeding.
A brief review of the facts will elucidate the basis of this request.
The first appearance in this matter was on October 23, 1992. At that time the Law Guardian was assigned. The matter was adjourned to January 19, 1993 for the results of the blood-grouping test. The results were not available on such date. With all counsel present on such date, the matter was then adjourned to January 25, 1993 for a Law Guardian report. On January 25 petitioner’s attorney failed to appear. There was no notice to the Law Guardian that petitioner’s attorney would not be present. The court then adjourned the matter to March 10, 1993 for a Department of Social Services report. None of the parties or their counsel appeared, only the Law Guardian was present on such date. The affirmation by counsel for the respondent mother indicates that on March 10, 1993 he may have made "an appearance or nonappearance by reason of a consent application and if there was such application, by unilateral inadvertence the Law Guardian was not notified by either attorney.” The court’s notes clearly reflect that only the Law Guardian was present on March 10, 1993. The matter was next adjourned for April 20th at which time an order of filiation was entered with all parties and counsel present. Respondent’s attorney, Mr. B., made a motion to be relieved at such time, which was granted on his client’s consent.
The matter was then adjourned to May 10, 1993 at which time petitioner’s attorney, Mr. H., again failed to appear and Mr. B. reappeared for respondent. The docket does indicate that Mr. H. finally appeared at 2:45 p.m., after the case had been called and adjourned to August 26, 1993. Mr. H. was told of such adjourned date. On such adjourned date Mr. H. again failed to appear. The Law Guardian was again present.
The parties and counsel appeared on September 20th at which time Mr. B. was ordered to submit a temporary order regarding visitation. The matter was adjourned with all counsel present for November 4, 1993.
On this occasion Mr. H. sent an affirmation (which will be addressed infra) stating that he will not appear in the Family Court for the November 4th appearance. This was the one *61 time that Mr. H. sent a notice to the court. The court notified Cheryl Kreger, the Law Guardian, of this request and excused her appearance. This was also the one time that Mr. H. notified Ms. Kreger by phone that he would not appear. Nevertheless, Mr. H. appeared in court at 12:45 p.m. However since he sent a notice he would not appear the court had excused Ms. Kreger’s appearance and the matter could not proceed. The court adjourned the matter to January 12, 1994.
For January 12, 1994 Mr. B. submitted an affirmation and did not appear, nor did Mr. H. Mr. B.’s affirmation indicates his attempts to notify Mr. H. of his request for an adjournment but the affirmation does not evidence any attempt to notify Ms. Kreger, who was present, of such request.
The matter was then adjourned to March 14th at which time Mr. B. appeared and said that he had agreed with Mr. H. to an adjournment. Though the Law Guardian appeared, neither Mr. H. nor his client appeared.
It is clear that this pattern of adjournments agreed to by and between counsel for the parties without notifying the Law Guardian or the court prior thereto (except on two occasions) evinces that counsel have taken a course of action to suit themselves, callously disregarding the Law Guardian and inconveniencing the court. If this case did not involve an infant of such tender years with involvement by Child Protective Services and Family Services, the court would have dismissed the petition. Since the best interests of the child is the paramount concern of the court and the child may have been at risk, the court chose to wait until the case was resolved and a formal motion was made to address the inappropriate behavior of counsel. Earlier the Law Guardian made oral application regarding her failure to be notified of requests for adjournments so counsel was on notice as to this improper behavior, but still persisted in failing to notify her of requests for adjournments. The court admonished counsel to treat the Law Guardian as any other counsel representing a party in the matter.
With regard to petitioner counsel’s affirmation in opposition, the court commends counsel on his good work and pro bona work. However this does not excuse the simple acts of decency of notifying a brethren counsel, i.e., the Law Guardian, of other engagements.
In particular his affirmation for nonappearance on November 4th does not meet the requirements of part 125 of the *62 Rules of the Chief Administrator of the Courts (22 NYCRR). On September 20th, with Mr. H. in court, the November 4th date was chosen. If the date of November 4 was assigned to him by the Volunteer Lawyers Project prior to September 20, then the court would have given a different adjourned date when the date was picked on the consent of counsel. Counsel did not object to the November 4th date when he was in court on September 20th. If the date for the Volunteer Lawyers Project was assigned subsequent to September 20th, he should have told the Women’s Bar Association that he was previously engaged and told them he would do volunteer work on an alternate date.
The court must also assume that Mr. H. had no legal basis for not appearing at any other time that he absented himself from the court. He did not submit any other affidavits of engagement nor does his affirmation in opposition to this motion recite that he was engaged in another matter when he did not appear. Similarly, Mr. B.’s affirmation fails to indicate any engagements (except one) on the occasions of his nonappearance. His affirmation for his nonappearance on January 12, 1994 does not show on its face that his other appearance would receive a preference over this one.[1] It does state that he attempted to notify Mr. H. of the request. It fails to indicate any attempts to notify the Law Guardian of the requested adjournment. Since none of the motion papers and responding papers with affirmations submitted requested a hearing the court makes this determination based upon the papers submitted.
At issue here is not an undertaking of monumental effort that one asks of counsel. It is a matter of simple manners, decency and proper conduct between one attorney and another. The least counsel could do is make a simple phone call and notify the Law Guardian that he is otherwise engaged and cannot appear.[2] Apparently both counsel were capable of doing such to opposing counsel but for the Law Guardian they *63 were incapable of making such effort. The Law Guardian is counsel for the child in the proceeding and must be treated in the same manner as counsel for either of the parties.
Unfortunately, counsel developed a pattern of ignoring the Law Guardian. Counsel has treated the Law Guardian as if she was not on an equal footing with other counsel involved in a matter before the court. The court wants to clearly dispel such notion. The Law Guardians are an integral part in any proceeding to which they are assigned. In a custody matter their advocacy on behalf of their client is of paramount concern to the court as the litigants often are interested in their own agenda rather than the best interests of the child.
The court also has a fiscal concern when the Law Guardian is not notified that counsel is otherwise engaged. When counsel has informed opposing counsel and his client not to appear and only the Law Guardian appears, the Law Guardian must be paid by the State for her appearance and time in court. Thus counsel’s failure to notify the Law Guardian and the court that they are not appearing and arrange their own on consent adjournment then becomes a charge to the taxpayers of the State. Furthermore, the Law Guardian has lost this time when she may have appeared in another court or at another appointment. The irony is that all this could have been avoided with the same simple phone call that was made to opposing counsel and one’s client.
The Law Guardian has expended 9Vi hours in court time for adjournments and IV2 hours out of court time on this motion. Based upon the Law Guardian’s time spent in court when the matter could not proceed because of the absence of counsel, the court assesses Mr. H. $298.75 and Mr. B. $118.75. Each counsel shall forward such amount to Ms. Kreger on or before May 16, 1994. If such sum is not paid by such date there will be a minimal additional sanction of $500 on each counsel upon Ms. Kreger’s affirmation of nonpayment.

. Rules of the Chief Administrator of the Courts (22 NYCRR) § 125.1 (b): "Engagement of counsel shall mean actual engagement on trial or in argument before any State or federal trial or appellate court, or in a proceeding conducted pursuant to rule 3405 of the CPLR and the rules promulgated thereunder”.

. Though the rules (22 NYCRR 125.1 [e]) require that there be proof of service of the affirmation on opposing counsel, a phone call in the first instance if pressed for time would be acceptable as some form of notice of the requested adjournment, with an affirmation to follow.